IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DON ROBERT FAIRCLOTH,

    Petitioner,

v.                                   CIVIL ACTION NO.: CV612-075

GREGORY McLAUGHLIN, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Don Robert Faircloth ("Faircloth"), who is currently incarcerated at Hancock State Prison in Sparta, Georgia, filed a cause of action, ostensibly pursuant to 28 U.S.C. § 2254. Respondent filed a Motion to Dismiss, to which Faircloth responded. Based on the following, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Faircloth filed his cause of action in the Middle District of Georgia using a form applicable to cases filed pursuant to section 2254. United States Magistrate Judge Charles Weigle informed Faircloth that it appeared that Faircloth intended to file a civil rights action pursuant to 42 U.S.C. § 1983 and directed Faircloth to complete and submit a § 1983 complaint form. Magistrate Judge Weigle also informed Faircloth that, if he did so, his § 1983 complaint would be substituted for the allegations contained in his habeas corpus application. Finally, Magistrate Judge Weigle informed Faircloth that his failure to comply with the court's directives would result in the immediate dismissal

AO 72A
(Rev. 8/82)

of Faircloth's cause of action. (Doc. No. 7). Faircloth responded to Magistrate Judge Weigle's order. Faircloth stated that he did not intend to file a complaint pursuant to section 1983, but rather, he intended to file a section 2254 petition. Based on Faircloth's response, United States District Judge W. Louis Sands transferred Faircloth's cause of action to this Court.

Respondent asserts that Faircloth's petition should be dismissed because he does not set forth a cognizable claim for habeas corpus relief. In the alternative, Respondent contends that Faircloth's petition should be dismissed as moot and because Faircloth did not exhaust his available remedies in the state court system.

## DISCUSSION AND CITATION TO AUTHORITY

Courts should look beyond the terminology used in a pleading to its actual content before deciding the true nature of that pleading. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982). A writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement. As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. Edwards v. Balisok, 520 U.S. 641, 645-46 (1997); Heck v. Humphrey, 512 U.S. 477 (1994). In contrast,

2

claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being denied adequate medical care during the period of incarceration, are civil rights actions, not habeas actions. See generally, Farmer v. Brennan, 511 U.S. 825 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995).

In his initial pleading, Faircloth asserts that he was denied medical care and treatment while he was housed at Macon State Prison in Oglethorpe, Georgia. Faircloth also asserts that Macon State Prison had overcrowding, he was subjected to racial discrimination, and that he was subjected to environmental tobacco smoke and contaminated water. Faircloth states in this pleading, on no less than six (6) occasions, that he did not raise these issues on appeal of his criminal prosecution because he is "attacking conditions of confinement". (Doc. No. 1, pp. 5, 7-8, 10, 12-13). Faircloth responded to Magistrate Judge Weigle's order that he intended to file a section 2254 petition based on his initial pleading and supporting brief.

This Court has looked beyond Faircloth's insistence that he is bringing a section 2254 petition, and it is abundantly clear that Faircloth is challenging the conditions of his confinement while he was housed at Macon State Prison. Such claims must be brought pursuant to 42 U.S.C. § 1983. Instead of dismissing Faircloth's case, as Magistrate Judge Weigle informed Faircloth would happen if he did not comply with his order, Judge Sands transferred this cause of action to this Court.

Respondent's Motion to Dismiss should be granted on the basis that Faircloth is not challenging his conviction or sentence, and thus, does not set forth any cognizable habeas corpus claims. It is unnecessary to address the alternative grounds of

AO 72A
(Rev. 8/82)

Respondent's Motion. Should Faircloth wish to pursue the claims set forth in this cause of action, he may do so by filing a 42 U.S.C. § 1983 civil rights complaint in the Middle District of Georgia, as Macon State Prison is located in that District.

### CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**, and that Faircloth's cause of action, filed pursuant to 28 U.S.C. § 2254, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of November, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)